DIANE M. PROCHASKA, NOW KNOWN AS DIANE M. KLEIN,
APPELLANT, V. GERALD JOSEPH PROCHASKA, APPELLEE.

573 N.W. 2d 777

Filed January 6, 1998.   No. A-96-614.

John H. Sohl for appellant.

James M. Egr, of Egr and Birkel, P.C., for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

Irwin, Judge.

# I. INTRODUCTION

Diane M. Prochaska, now known as Diane M. Klein, appeals from a district court order modifying the divorce decree of her and her former husband, Gerald Joseph Prochaska. On appeal, Diane alleges that the district court erred when it awarded both dependency exemptions for their two children to Gerald and when it considered the support Gerald provided for the child of his current marriage in determining the amount of child support for Diane and Gerald's children. We conclude that the district court abused its discretion in the amount of child support awarded and in awarding both dependency exemptions to Gerald. Accordingly, we affirm in part as modified, and in part, we reverse.

## II. PROCEDURAL BACKGROUND

On May 5, 1987, the marriage of Diane and Gerald was dissolved by the district court for Butler County. Gerald received custody of the parties' two children: Jill Lynne, born January 31, 1981, and Brian Joseph, born August 25, 1983. The decree was modified on April 28, 1993, to provide that Diane have custody of Jill and Gerald maintain custody of Brian. Neither party was required to pay child support under the modified decree. Each party was allowed to claim the child in his or her custody as an exemption for income tax purposes.

On September 11, 1995, Diane filed an application for modification requesting that she be granted custody of Brian and that Gerald be ordered to provide child support. A hearing was held on Diane's application on February 2, 1996. The parties stipulated regarding all issues except health insurance for Jill and Brian and child support. In particular, we note that the parties stipulated to the existence of a material change of circumstances and to Diane's being given custody of Brian.

In an order filed May 8, 1996, the district court ordered Gerald to pay child support in the amount of $377 per month for two children and $262 per month for one child. The court also awarded both dependency exemptions to Gerald so long as he remained current on all child support payments. In addition, Gerald was ordered to provide health insurance for Jill and

Brian. Each party was ordered to pay one-half of all medical expenses not covered by insurance. From this order, Diane timely appealed.

## III. FACTUAL BACKGROUND

Since the parties' divorce, Gerald has remarried. He and his wife have a son, Eric. Gerald is a farmer, and his average gross monthly income is $1,673. At the time of the hearing, Diane was employed with FirsTier Insurance. After February 16, 1996, she was to be employed with Agency One Insurance. Her gross monthly income is $1,473. Neither party disputes the above income figures.

Regarding Jill and Brian's health insurance, the record shows that after the parties' divorce and Gerald's subsequent remarriage, Jill and Brian were covered by Diane's insurance policy which she obtained through her employer, and also by an insurance policy obtained by Gerald's present wife through her employment. At some point in 1995, Brian was no longer covered by Diane's health insurance policy. The evidence showed that Jill and Brian could be covered by an insurance policy of Gerald's present wife's through her employment at no cost to Gerald.

## IV. ASSIGNMENTS OF ERROR

For her assignments of error, Diane claims that the district court erred in computing the amount of child support and in granting Gerald both dependency exemptions for income tax purposes.

## V. STANDARD OF REVIEW

■ Modification of child support payments is an issue entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994); *Lebrato v. Lebrato*, 3 Neb. App. 505, 529 N.W.2d 90 (1995).

■ An award of a dependency exemption is reviewed de novo to determine whether the trial court abused its discretion. See *Hall v. Hall*, 238 Neb. 686, 472 N.W.2d 217 (1991).

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997); *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995).

## VI. ANALYSIS

### 1. CHILD SUPPORT

We first address whether the district court abused its discretion in determining Gerald's child support obligation to be $377 per month for two children and $262 per month for one child. Diane argues that the district court erroneously considered Gerald's child from his subsequent marriage when determining child support in this case.

At the outset, we commend the district court for including the worksheets it used to arrive at its award of child support. Based upon our review of the district court's order and attached worksheets, it appears that in determining the amount of Gerald's child support obligation for Jill and Brian, the court considered Gerald's obligation to his and his present wife's son, Eric. In order to arrive at an amount to deduct from Gerald's monthly income to represent his obligation to Eric, the district court completed a child support worksheet for Gerald and his present wife. Through these calculations, the district court determined that Gerald would be responsible under the Nebraska Child Support Guidelines for support for Eric in the amount of $341. The district court then deducted the entire $341 from Gerald's monthly income when determining Gerald's child support obligation to Jill and Brian, his children with Diane.

■ Child support payments should be set according to the guidelines established by the Nebraska Supreme Court, which guidelines compute the presumptive share of each parent's child support obligation. *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991). However, the trial court may deviate from the guidelines whenever the application of the guidelines in an indi-

vidual case would be unjust or inappropriate. *Id.*; *Peterson v. Peterson*, 239 Neb. 113, 474 N.W.2d 862 (1991); *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991).

The Nebraska Supreme Court has dealt with the issue of a parent's obligation to multiple families in three cases. Generally, in these cases, the Supreme Court did not find an abuse of discretion so long as the trial court considered whether the facts of the particular case warranted a deviation from strict application of the guidelines. In *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992), the court affirmed a trial court's allowance for the father's present family when determining child support for the previous family. The court held:

> [A] trial judge does not satisfy his duty to equitably determine child support by blindly following suggested guidelines. The Nebraska Child Support Guidelines are, by their very nature, simply guidelines. . . .
>
> Line 2(f) of the guideline's worksheet 1, the basic net income and support calculation, provides as a deduction that amount in "[c]hild support previously ordered for children not of this marriage." In keeping with the spirit of the guidelines, the trial court was correct in factoring into the child support calculations the father's offspring of his subsequent marriage.

*Id.* at 631, 483 N.W.2d at 752.

In *Lodden v. Lodden*, 243 Neb. 14, 497 N.W.2d 59 (1993), the Supreme Court found no abuse of discretion in the trial court's failure to consider a father's obligation to support his present family and in the increase of the father's support obligation to his previous family. The court stated that the guidelines "do not provide for an automatic deduction for the support of children of subsequent marriages." *Id.* at 19-20, 497 N.W.2d at 62.

In *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994), the Supreme Court reversed the trial court's determination of child support because the court was unable to ascertain if the trial court had considered whether a deviation from the guidelines due to the father's obligation to his present family was appropriate under the facts of the case. The court stated:

If the support ordered by the court in this case gives no consideration at all to the present children, we find that the trial court abused its discretion in not first determining that, under the particular facts of this case, the strict application of the guidelines would be unjust or inappropriate, as set out in the Nebraska Child Support Guidelines, paragraph C(5).

244 Neb. at 886, 510 N.W.2d at 57-58.

█ Paragraph C of the child support guidelines provides in relevant part: "All orders for child support obligations shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied." Paragraph C lists five circumstances in which deviation is permissible. Only the fifth circumstance could relate to the issue presented in the case before us. That circumstance provides that a deviation is permissible "whenever the application of the guidelines in an individual case would be unjust or inappropriate." Worksheet 5, referred to in paragraph C, is entitled "Deviations to Child Support Guidelines" and contains a deduction from the net income computed on worksheet 1. This deduction in worksheet 5 is designated "[d]eduction computed for child or children of one of the parties but not previously ordered." We observe that this deduction is placed so that it will have the same effect as the deduction contained on worksheet 1 designated "[c]hild support previously ordered for other children."

In this case, Gerald has an obligation to support both families. We conclude that in this case, the trial court did not abuse its discretion in making an allowance for the second family. The district court appropriately employed the use of worksheet 5.

█ However, we conclude that the district court abused its discretion in determining the amount of the allowance for the second family and, hence, the appropriate amount of child support in this case. The district court used the $341 figure, which it arrived at by calculating child support under the guidelines for Eric, as a deduction to Gerald's monthly income when determining Gerald's support obligation to Jill and Brian. By using the $341 figure, the district court provided a benefit to the sec-

ond family—Eric—to the detriment of the first family—Jill and Brian. The support for each family should be determined after a deduction for the support for the other family. When arriving at the $341 figure which represents Gerald's support obligation to Eric, the district court did so without considering Gerald's support obligation to Jill and Brian.

When computing Gerald's support obligation to Jill and Brian, we considered Gerald's obligation to Eric. In determining Gerald's obligation to Eric, we considered his support obligation to Jill and Brian. Based upon the results of this interdependent arithmetic, we determine that Gerald should pay Diane child support of $407 per month for both Jill and Brian and $282 per month for one child. We modify the district court's order accordingly.

### 2. DEPENDENCY EXEMPTIONS

Next, we address whether the district court abused its discretion in awarding Gerald both dependency exemptions for income tax purposes so long as he remains current on his child support obligation. Diane argues that there is no equitable reason why Gerald should receive both dependency exemptions.

A tax dependency exemption is nearly identical in nature to an award of child support or alimony. *Hall v. Hall*, 238 Neb. 686, 472 N.W.2d 217 (1991). The dependency exemption for income tax returns is an economic benefit. *Babka v. Babka*, 234 Neb. 674, 452 N.W.2d 286 (1990). A trial court may exercise its equitable powers to allocate dependency exemptions between custodial and noncustodial parents. *Id.*

We first point out that neither party requested a modification of the allocation of the dependency exemptions in his or her pleadings or in the evidence offered at the modification hearing. Prior to the entry of the modification order before us, each party had one dependency exemption.

Based on the calculations of both the district court and this court, Gerald is paying child support in an amount less than 50 percent of the total monthly support, as determined by application of the child support guidelines. As a result, Diane is responsible under the guidelines for more than 50 percent of Jill and Brian's support. We recognize that, as the custodial parent,

Diane may very well have additional expenses for the family above the amount for which the guidelines determine she is responsible. There is no evidence that Gerald has any other out-of-pocket expenses regarding Jill and Brian besides incidentals. Gerald argues that he provides their health insurance and that this should be considered when determining the allocation of the dependency exemptions. However, the record shows that the employer of Gerald's present wife provides Jill and Brian's insurance at no cost to Gerald and his present wife.

As each party remains responsible for approximately one-half of Jill and Brian's support under the guidelines, there is no basis to justify modifying the allocation of the dependency exemptions and awarding both to Gerald. We conclude that the district court abused its discretion in awarding Gerald both dependency exemptions. We reverse the district court's order accordingly.

## VII. CONCLUSION

Based on our de novo review of the record, we conclude that the district court abused its discretion in the amount of child support awarded. We modify the amount of support awarded by increasing the support to $407 per month for two children and $283 per month for one child. We also conclude that the district court abused its discretion in awarding both dependency exemptions to Gerald. We reverse the district court's award of both dependency exemptions to Gerald. As a result, each party is entitled to one dependency exemption just as prior to the entry of the modification order.

AFFIRMED IN PART AS MODIFIED,
AND IN PART REVERSED.