610 N.W.2d 436 (2000)
9 Neb.App. 270
Wanda K. MACE, now known as Wanda K. Stranathan, appellee,
v.
Jerry D. MACE, appellant.
No. A-99-270.
Court of Appeals of Nebraska.
May 16, 2000.
*438 Phillip G. Wright, of Quinn & Wright, Omaha, for appellant.
Mark S. Bertolini, of Bertolini, Schroeder & Blount, Bellevue, for appellee.
IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.
IRWIN, Chief Judge.

I. INTRODUCTION
Jerry D. Mace appeals from the district court's order modifying a decree which dissolved his marriage to Wanda K. Mace, now known as Wanda K. Stranathan. On appeal, Jerry challenges the court's modification of child support and day-care expenses and the court's award of attorney fees to Wanda. Because we conclude that the court did not abuse its discretion in awarding day-care expenses, we affirm that portion of the modification order. Because we conclude that the court abused its discretion in awarding attorney fees to Wanda when she did not provide any evidence to establish the amount of the fees incurred, we reverse the court's order awarding Wanda attorney fees. Because we conclude that the court abused its discretion in not considering whether a deviation was warranted because of the birth of a subsequent child of Jerry's, we reverse, and remand for further proceedings.

II. BACKGROUND
Jerry and Wanda were married on December 11, 1982. Three children were born as a result of the marriage: Christopher, born June 14, 1984; Michael, born June 7, 1988; and Anita, born March 25, 1992. On July 28, 1992, the court entered a decree dissolving the parties' marriage. In the decree, Wanda was awarded custody of the children and Jerry was ordered to pay child support in the amount of $825 per month.
On March 30, 1998, Jerry filed an application to modify the decree. In the application, Jerry alleged that he had suffered a work-related injury which resulted in a reduction of his net monthly income. On April 29, Wanda filed a cross-application to modify the decree. Wanda asserted that her income had increased, that the Nebraska Child Support Guidelines had been modified, that Jerry's income had increased, and that Jerry should be paying a portion of day-care expenses.
On January 29, 1999, the district court entered an order of modification. In the order, the court found that Jerry had not *439 suffered a work-related injury, but that he did suffer from a medical condition which prohibited him from earning significant overtime. The court modified Jerry's child support obligation to $775 per month, ordered Jerry to pay 70 percent of Wanda's work-related day-care expenses, and ordered Jerry to pay $1,500 of Wanda's attorney fees. Jerry filed a motion for new trial, which was denied on February 12. This timely appeal followed.

III. ASSIGNMENTS OF ERROR
On appeal, Jerry has assigned four errors, which we consolidate for discussion to three. First, Jerry asserts the district court erred in the calculation of child support. Second, Jerry asserts the district court erred in ordering him to pay day-care expenses. Third, Jerry asserts the district court erred in awarding Wanda attorney fees.

IV. ANALYSIS

1. STANDARD OF REVIEW
Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. Elsome v. Elsome, 257 Neb. 889, 601 N.W.2d 537 (1999); Dueling v. Dueling, 257 Neb. 862, 601 N.W.2d 516 (1999); Rauch v. Rauch, 256 Neb. 257, 590 N.W.2d 170 (1999). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. Elsome v. Elsome, supra; Rauch v. Rauch, supra. When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts over another. Elsome v. Elsome, supra; Rauch v. Rauch, supra. A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered. Dueling v. Dueling, supra.

2. CHILD SUPPORT
Jerry first contends the district court erred in the calculation of his child support obligation. Jerry alleges the court erred in including overtime income in the calculation and in not properly applying the holding of this court from the case of Prochaska v. Prochaska, 6 Neb.App. 302, 573 N.W.2d 777 (1998).

(a) Jerry's Overtime Income
The district court found that Jerry suffered from a medical condition which causes some disability and which has some effect on Jerry's income-producing capability. Specifically, the court found that Jerry's medical condition, a problem with his lower back, prevents him from earning any substantial overtime pay. The court adopted Wanda's child support worksheet and set Jerry's net monthly income at $1,925. The worksheet offered by Jerry alleged his net monthly income to be approximately $1,550.
Jerry alleges the court erred in accepting Wanda's worksheet because "it is apparent that her calculation included an estimate for overtime." Brief for appellant at 9. At trial, Wanda testified that her worksheet was based upon Jerry's employment at ConAgra, Inc., which is where he was working at the time the application to modify was filed. The evidence established that when Jerry was working at ConAgra, his hourly wage was $12.59. Based on Jerry's working 40 hours per week at this wage rate, his annualized gross monthly income would be $2,182.27. Wanda's worksheet estimated Jerry's gross monthly income at $2,182. As such, it is apparent that Wanda's worksheet did not include overtime, but only Jerry's earning capacity based on full-time employment.
*440 Because the evidence does not support Jerry's assertion that the court included estimated overtime income in the child support calculation, we do not find an abuse of discretion in the court's child support award. This assigned error is without merit.

(b) Application of Prochaska v. Prochaska

Jerry also asserts the district court erred in the child support calculation by not properly allowing him a credit for support that he is paying to a child born in a subsequent relationship. Specifically, Jerry asserts that this court's holding in Prochaska v. Prochaska, supra, supports allowing a deviation from the guidelines to allow him a deduction for a child, Kirsty, born during a subsequent marriage. Jerry testified that he remarried on July 3, 1996, and that Kirsty was "age five" at the time of trial, in January 1999. Jerry testified that Kirsty was born "as a result of" his relationship with his new wife, that he cared for Kirsty, and that he provided support for Kirsty. However, in response to a question from his own attorney, Jerry acknowledged that he had not ever adopted Kirsty.
In an order titled "Opinion and Findings," the district court found that "[i]t is not clear from the evidence that Jerry is the natural father" of Kirsty. The court acknowledged the holding of Prochaska v. Prochaska, supra, but held that Jerry's testimony failed to establish a legal duty of support for Kirsty that would warrant a deviation from the guidelines.
From our review of the opinion in Prochaska v. Prochaska, supra, it is apparent that the court in that case was presented with a record that established that the child at issue was, in fact, the child of the husband and his new wife.
The evidence presented in the case at bar established that the child in question, Kirsty, was born prior to Jerry's remarriage. He testified he did support Kirsty, although he had never "adopted" her. Importantly, however, Jerry testified that Kirsty was born "as a result of" his relationship with his new wife. From this evidence, we disagree with the district court that Jerry failed to establish a legal duty to support Kirsty. He established that he was, in fact, Kirsty's natural father. The testimony at trial indicates that Jerry, Kirsty, and Kirsty's mother are living together as a family. As such, the district court should have considered whether a deviation from the guidelines was warranted under the holding in Prochaska v. Prochaska, 6 Neb.App. 302, 573 N.W.2d 777 (1998). The judgment is accordingly reversed, and the case is remanded for further proceedings on this issue.

3. DAY-CARE EXPENSES
Jerry next asserts the district court erred in ordering him to pay 70 percent of Wanda's work-related day-care expenses. Jerry asserts that day-care expenses were contemplated in the decree, but that the court simply did not order them, and that Wanda failed to establish that she had any expenses at the present time.
We disagree with Jerry's assertion that the fact that the decree makes mention of potential employment by Wanda necessarily means that the court contemplated day-care expenses at that time. This court has previously recognized that the mere fact that parties anticipate future changes of employment and the potential for some day-care expenses to arise is not sufficient for a holding that such expenses are reasonably contemplated. Robbins v. Robbins, 3 Neb.App. 953, 536 N.W.2d 77 (1995). Many items within the realm of contemplation at the time of dissolution are uncertain or speculative and are not appropriately considered until their actual occurrence. Id.
The evidence presented indicates that at the time of the initial decree, Wanda was not awarded day-care expenses. The decree makes no mention of day-care expenses whatsoever. Wanda testified that she had, since the time of the decree, held *441 various jobs where she incurred day-care expenses. She testified that she did not incur any day-care expenses as a result of the job she had at the time of the hearing, but that she had taken the job specifically because she had not been awarded day-care expenses. We note that if Wanda does not incur any expenses, then Jerry will not have to pay anything additional as a result of this modification.
In the court's opinion and findings, the court agreed that Jerry should be ordered to pay a proportionate share of the day-care expenses and "further note[d] that this should be required under the Guidelines." The court stated that "Jerry has offered no good or sufficient reason why such a provision should not be included."
We recognize that paragraph N of the guidelines was amended effective January 1, 1996, to provide that child-care expenses incurred due to employment shall be divided between the parents in proportion to their parental contribution. In this case, there is evidence that Wanda may secure a job necessitating day-care expenses. The court did not abuse its discretion in granting Wanda a modification and awarding day-care expenses.

4. ATTORNEY FEES
Finally, Jerry asserts that the court erred in awarding Wanda attorney fees. The record reveals that Wanda requested attorney fees and offered an exhibit supporting her allegation that she had incurred approximately $3,000 in attorney fees. However, the court sustained an objection to the exhibit, and it was not received into evidence. In the opinion and findings, the court noted that the exhibit was kept out of evidence because "there was no showing the fees and expenses set forth on the exhibit were necessary or fair and reasonable." Wanda offered no other evidence to establish what attorney fees she incurred. Nonetheless, the court determined that Wanda was entitled to an award of $1,500 for attorney fees.
Factors to be considered in awarding attorney fees include the earning capacity of the parties, the services performed and results obtained, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case. Reinsch v. Reinsch, 8 Neb.App. 852, 602 N.W.2d 261 (1999).
The court had before it no evidence concerning the length of time required for preparation of the case or the customary charges of the bar. On the evidence presented to us, the court's award of $1,500 appears arbitrary, and there is nothing in the record upon which we can meaningfully review such an award. Because Wanda did not present any evidence upon which the court could make a meaningful award of fees, we reverse the modification order to the extent it orders Jerry to pay $1,500 of Wanda's attorney fees.

V. CONCLUSION
We find an abuse of discretion by the trial court in the computation of Jerry's child support obligation, and we reverse, and remand for a consideration of whether a deviation is warranted as a result of Jerry's subsequent child. We reverse the court's modification order to the extent Jerry was ordered to pay attorney fees. We affirm the modification order to the extent Wanda was awarded day-care expenses.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.