KERI LEA EMERY, APPELLEE, V.
ROBBIE EXTON MOFFETT, APPELLANT.
697 N.W.2d 249

Filed May 27, 2005.    No. S-04-225.

James R. Kozel for appellant.

Richard J. Henkenius for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Robbie Exton Moffett appeals the district court's order increasing his child support obligation, ordering the increase retroactive to the date of the application, and awarding the dependency exemption and attorney fees to the appellee, Keri Lea Emery. On appeal, Moffett contends that the district court abused its discretion when it (1) incorrectly calculated child support because it failed to adequately consider his obligation to three subsequent children, (2) made the increase in child support retroactive because he is unable to pay the retroactive award, (3) awarded attorney fees to Emery, and (4) allowed Emery to keep the dependency exemption. We affirm the district court's support calculation but reverse the award of retroactive support and attorney fees.

## BACKGROUND

Moffett and Emery's marriage was dissolved in 1992; the couple had one child, Shaunessy Robyn Emery, born July 21, 1987, and Emery was awarded custody. The court ordered Moffett to pay $228 per month in child support. Because the award of retroactive support hinges on accusations that Moffett delayed the proceedings, we set out the pertinent dates. In June 1999, the Nebraska Health and Human Services System notified Emery that it would refer the original support order to the authorized attorney for possible modification because the child support guidelines indicated a 10-percent or greater increase from the current support amount. Moffett also received a copy of the letter. Emery, however, did not file an application for modification at that time.

Approximately 32 months later, in February 2002, Emery applied for a modification of child support. On February 21, Moffett entered a voluntary appearance and waived service of summons. In July, Moffett filed a notice that he served discovery responses. Although the record is not clear, some time between July and September, the case was dismissed by the court, but was reinstated after a joint stipulation was filed.

On February 26, 2003, a referee held a hearing. At the hearing, both parties presented evidence about their incomes. The evidence showed that Moffett had a monthly net income of $2,043 and average living expenses of $2,829 and that he was married and had three children, ages 5, 2, and 1. He testified that his wife did not work because of the high cost of childcare. The record also shows that Moffett does not have any investments or savings.

The referee calculated support by determining the support obligations for the three subsequent children at $884 and then deducting that amount from Moffett's income before calculating support for Shaunessy. This resulted in $369.56 per month for Shaunessy's support. The referee determined that Moffett had not acted in bad faith and that Moffett could not afford to pay retroactive support. Therefore, the referee did not make support retroactive to the date of the application for modification. The referee also did not award attorney fees.

Emery filed exceptions to the referee's report. Citing to *Prochaska v. Prochaska*, 6 Neb. App. 302, 573 N.W.2d 777 (1998), the district court determined support by using a joint custody support calculation for the three subsequent children. The court stated that using the joint support figure took into consideration that a family living together has fewer expenses than parents who are maintaining two homes. As a result, the court subtracted only $404.05 from Moffett's income and calculated support for Shaunessy at $475.90 per month.

The court also ordered retroactive support. The court stated that had the application been filed several years before, there would have been a significant increase in support, and that Moffett had failed to timely respond to discovery demands. The record contains a notice that answers to discovery requests were filed, but does not include a motion to compel or other information about delays. The court also awarded attorney fees. The record, however, does not contain evidence of the amount of time Emery's attorney spent on the case or the charges for his services. Instead, the only evidence is Emery's attorney's oral unsworn statement at the hearing on the motion for new trial that Emery expended around $2,800. Finally, the court ordered that Moffett pay the retroactive support and fees after Shaunessy reached the age of majority by paying 19 additional installments of $300.53.

The court did not address the dependency exemption, which Emery had previously been awarded; but nothing in the record shows that Moffett asked the court to award him the exemption.

Moffett moved for a new trial, contending that the court erred in its support calculations, retroactive award, and award of attorney fees. At the hearing on the motion, Moffett's attorney conceded that it would be difficult to argue that attorney fees were not warranted in the case. The attorney did not, however, waive the issue. The court denied the motion, and Moffett appeals.

## ASSIGNMENTS OF ERROR

Moffett assigns, rephrased, that the district court erred by (1) incorrectly calculating support, (2) making the support retroactive, (3) ordering support after the age of majority, (4) awarding attorney fees to Emery, and (5) not awarding him the dependency exemption.

## STANDARD OF REVIEW

■ Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Gase v. Gase*, 266 Neb. 975, 671 N.W.2d 223 (2003).

## ANALYSIS

### CALCULATION OF CHILD SUPPORT

Moffett argues that the district court should have followed the referee's recommendation when it calculated support. However, relying on *Prochaska v. Prochaska*, 6 Neb. App. 302, 573 N.W.2d 777 (1998), Emery argues that the referee improperly calculated support and that the district court correctly determined the amount of child support.

In *Prochaska*, the Nebraska Court of Appeals held that when determining a support obligation involving children from a subsequent marriage, the support for each child should be determined after a deduction for support to the subsequent family. In *Prochaska*, the trial court calculated a deviation from the guidelines by first using the guidelines to determine the support obligation for the subsequent child and then deducted that amount

from the parent's income before calculating support for the children from the previous marriage. The Court of Appeals held that such a method improperly provided a benefit to the parent's current family at the expense of the other family. The court then recalculated support using "interdependent arithmetic," with little explanation of the method used. *Id.* at 308, 573 N.W.2d at 781.

We addressed *Prochaska* and the method of considering subsequent children when calculating support in *Brooks v. Brooks*, 261 Neb. 289, 622 N.W.2d 670 (2001). In *Brooks*, we determined that there is no precise mathematical formula for calculating child support when subsequent children are involved. We determined that the calculation is left to the discretion of the court as long as the court considered the obligations to both families and the income of the other parent of the subsequent children. Thus, we held the trial court has discretion to choose if and how to calculate the deviation, but must do so in a manner that does not benefit one family at the expense of the other.

The referee calculated support using the method that was disapproved of in *Prochaska*. Here, the district court recalculated support using a joint custody calculation for support for Moffett's three subsequent children in order to consider the obligation to both families without benefiting one family over the other. The court noted several ways it could perform the calculation and chose a method that it found most equitable under the circumstances. Because the court calculated support in an interdependent manner that considered the obligation to both families, the court did not abuse its discretion.

RETROACTIVE SUPPORT

Moffett argues that because he cannot afford to pay a retroactive order and did not act in bad faith, the district court erred in ordering the support to be retroactive.

Whether a child support order should be retroactive is entrusted to the discretion of the trial court and will be affirmed absent an abuse of discretion. See *Riggs v. Riggs*, 261 Neb. 344, 622 N.W.2d 861 (2001). Absent equities to the contrary, modification of a child support order should be applied retroactively to the first day of the month following the filing date of the application for modification. *Noonan v. Noonan*, 261 Neb. 552, 624

N.W.2d 314 (2001). But circumstances may exist when a noncustodial parent cannot afford to pay retroactive support. *Riggs v. Riggs, supra.* The Court of Appeals has addressed that issue and held that in the absence of a showing of bad faith, it is an abuse of discretion for a court to award retroactive child support when the evidence shows the obligated parent cannot pay retroactive support and still meet current obligations. *Cooper v. Cooper,* 8 Neb. App. 532, 598 N.W.2d 474 (1999).

Here, the record shows that Moffett's average living expenses exceed his monthly income. Thus, the record shows that he cannot afford to pay retroactive support and still meet his current obligations. The district court noted a delay in response to discovery requests when it ordered retroactive support, but the record does not contain evidence that Moffett delayed the proceedings. Instead, the record supports the conclusion that Emery did not promptly pursue the action.

It appears that the court recognized that Moffett could not afford to pay retroactive support but delayed payment until after Shaunessy reached the age of majority. But here, the support was not previously ordered and forcing payment after the age of majority obscures the fact that under the present circumstances, Moffett cannot afford retroactive support. Accordingly, we determine that because Moffett cannot afford to pay retroactive support and meet current obligations and because the record does not show that he acted in bad faith, the district court abused its discretion when it awarded retroactive support.

### ATTORNEY FEES

Moffett next contends that the court erred when it awarded Emery attorney fees of $1,000. He argues that the record lacks evidence to allow a meaningful review.

In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Peter v. Peter,* 262 Neb. 1017, 637 N.W.2d 865 (2002). The award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and

presentation of the case, customary charges of the bar, and the general equities of the case. *Bowers v. Lens*, 264 Neb. 465, 648 N.W.2d 294 (2002).

■ The Court of Appeals has held that evidence concerning the time required for preparation and trial of the case and customary charges is needed to meaningfully review an award of attorney fees. *Mace v. Mace*, 9 Neb. App. 270, 610 N.W.2d 436 (2000). We agree. Without a stipulation or evidence, an award appears arbitrary and leaves us with nothing in the record to allow for meaningful review. See *id.* We further note that adducing such evidence is not onerous. Because there is no evidence in the record to support the fee award, we reverse the award of attorney fees.

DEPENDENCY EXEMPTION

Moffett contends that the court should have awarded him the dependency exemption for Shaunessy. However, he did not ask the district court to award him the exemption but contends that we should award it to him through our de novo review on appeal.

■ A tax dependency exemption is nearly identical in nature to an award of child support or alimony. See *Hall v. Hall*, 238 Neb. 686, 472 N.W.2d 217 (1991). We have stated that the general rule is that a custodial parent is presumptively entitled to the federal tax exemption for a dependent child. See, I.R.C. § 152(e) (2000); *Hall v. Hall, supra.* But, we have also held that a court may exercise its equitable powers to allocate the exemption to a noncustodial parent. *Hall v. Hall, supra.* An award of a dependency exemption is reviewed de novo to determine whether the trial court abused its discretion. See *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997).

Here, the custodial parent, Emery, has previously taken the dependency exemption. Nothing in our review of the record convinces us that the district court abused its discretion by not changing that. Accordingly, we determine that this assignment of error is without merit.

CONCLUSION

The district court did not abuse its discretion when calculating support, and we affirm the award. We also affirm the award of the dependency exemption to Emery. However, the court did abuse

its discretion when it ordered retroactive support and awarded attorney fees. Accordingly, we affirm in part, and in part reverse.

AFFIRMED IN PART, AND IN PART REVERSED.