NANCY CHARLENE KNAUB, APPELLEE AND CROSS-APPELLEE, V.
MICHAEL RAY KNAUB, APPELLEE AND CROSS-APPELLANT, AND G.
KIRK MEADE, APPELLANT.

512 N.W.2d 124

Filed February 11, 1994.   No. S-92-092.

Clark G. Nichols, of Nichols, Douglas and Kelly, P.C., for appellant.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellee Nancy Knaub.

Robert M. Harris and Randall L. Lippstreu, of Harris & Lippstreu, P.C., for appellee Michael Knaub.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

WHITE, J.

This action arises from an action brought by respondent, Michael Ray Knaub, to modify a child support and alimony award. At trial, the district court dismissed the action for failure to present a prima facie case. The district court also assessed $13,000 in attorney fees against respondent and his attorney, G. Kirk Meade, because the court found that the action was frivolous. The Nebraska Court of Appeals affirmed the decision of the district court, but reduced the amount of the attorney fee award. *Knaub v. Knaub*, 4 NCA 638 (1993). We reverse the decision of the Court of Appeals and remand the cause with instructions to reverse the decision of the district court and remand the cause for further proceedings.

In an August 1990 divorce decree, respondent was ordered to pay child support and alimony. This order was derived from calculations based on the court's valuations of respondent's assets and his income. During the following year, respondent's assets were liquidated and conveyed, principally to his father and his father's corporation. Respondent subsequently filed an action to modify the divorce decree because of substantial changes in his financial circumstances.

At trial on the application to modify, respondent and his father testified that respondent no longer owned the assets underlying the divorce decree, that he used the proceeds from the sale of those assets to pay a property settlement to his ex-wife and business debts, that his father would no longer financially support respondent's farm business, that he was no longer able to acquire operating loans for his farm business, and that he earned approximately $1,000 per month as a truckdriver.

At the close of respondent's case, petitioner, Nancy Charlene Knaub, moved to dismiss the action, arguing that respondent failed to establish the necessary elements for a modification. The district court sustained the motion and dismissed the action. In dismissing the action, the court commented that this was the "clearest case of voluntary impoverishment the court has ever seen" and that respondent had failed to present any financial documents which would corroborate respondent's reasons for disposing of his assets. The court further found that

the action was frivolous and assessed attorney fees against respondent and his attorney.

Respondent and his attorney appealed the dismissal to the Court of Appeals and argued that the district court improperly weighed the evidence on the motion to dismiss. The Court of Appeals stated that even assuming that respondent's evidence is true, the trial court reasonably inferred that respondent voluntarily caused his substantial change in circumstances. The court affirmed the dismissal because (1) reasonable inferences drawn from the evidence did not support a modification and (2) respondent's claim for equitable relief was barred by the unclean hands doctrine.

The Court of Appeals also affirmed the assessment of attorney fees. The court found that respondent's modification action was based on his "voluntary impoverishment" and that therefore the action was "wholly without merit." *Knaub*, 4 NCA at 650, 651. The court also agreed that respondent and his attorney should be jointly and severally liable for those fees. The court, however, reduced the amount of those fees because it found that the time allegedly spent by petitioner's attorney on the case was not efficiently spent.

Respondent and his attorney filed a petition for further review with this court, and we granted the petition. They contend that the Court of Appeals erred in (1) applying the wrong standard to determine when an action should be dismissed for insufficient evidence; (2) applying the wrong standard of review on the question of whether an action was frivolous; and (3) assessing appellate attorney fees in violation of Neb. Ct. R. of Prac. 9F (rev. 1992), which requires a motion and affidavit justifying the amount requested.

At the outset, we note several procedural errors made by each of the parties on appeal. First, Neb. Ct. R. of Prac. 2G (rev. 1992) provides that if a petitioning party chooses to file a brief after this court has granted a petition for further review, that brief shall be filed within 20 days after the order for further review has been entered. Additionally, rule 2G requires that the briefs of all nonpetitioning parties be served and filed within 20 days after the petitioner has served and filed his brief.

Both Michael Knaub, a petitioner for further review, and

Nancy Knaub, the respondent to that petition, filed their briefs out of time. The petition for further review was granted on October 20, 1993. Michael Knaub did not file and serve a brief on further review until November 24—35 days after the petition was granted. Nancy Knaub filed her brief on December 21—27 days after Michael Knaub filed his brief. Both briefs on further review were filed out of time and therefore will not be considered on appeal. Our consideration of this appeal will be guided by the record, the parties' briefs filed in the appeal to the Court of Appeals, and the parties' memoranda filed in connection with the petition for further review.

Second, Neb. Ct. R. of Prac. 1C (rev. 1989) provided that the first party or parties to file a notice of appeal will be designated as appellant or appellants and that "any attempt to appeal thereafter made by any party to the action shall be filed in the existing case, and not separately docketed." Rule 1E stated that "[t]he proper filing of an appeal . . . shall vest in an appellee the right to a cross-appeal against any other party to the appeal. The cross-appeal need only be asserted in the appellee's brief as provided by rule 9D(4)." Rule 9D(4) provides that an appellee filing a cross-appeal designate on the cover of such brief that it is a cross-appeal, that the appellee set forth the cross-appeal in a separate division of the brief, and that such separate division be titled "Brief on Cross-Appeal." The rules regarding the manner of presenting a cross-appeal are the same as the rules applicable to an appellant's brief.

Respondent's attorney in the modification action, Meade, was the first party to file a notice of appeal to the Court of Appeals. Meade filed the notice of appeal on his own behalf, challenging the validity of the sanctions imposed upon him in the modification action. Thus, while Meade is the appellant, our appellate rules designate respondent as an appellee in the appeal. Subsequent to the filing of Meade's notice of appeal, respondent filed his own notice of appeal, and pursuant to rule 1C, his appeal was filed with Meade's appeal. Respondent, however, failed to designate his brief as a cross-appeal and failed to set forth a separate section within his brief titled "Brief on Cross-Appeal." Although this violates our rule regarding the presentation of a cross-appeal, the form and presentation of

respondent's assignments of error conform with the rules applicable to an appellant's brief. Therefore, we may consider respondent's arguments raised in his brief to the Court of Appeals. See *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990).

A party is entitled to a modification of an award of child support if he proves a material change in circumstances which has occurred since the entry of the decree or a previous modification and if such change was not contemplated when the decree was entered. *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993); *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992); *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991); *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987).

In a court's review of evidence on a motion to dismiss, the nonmoving party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference which can be reasonably drawn therefrom, and where the plaintiff's evidence meets the burden of proof required and the plaintiff has made a prima facie case, the motion to dismiss should be overruled. *Schall v. Anderson's Implement*, 240 Neb. 658, 484 N.W.2d 86 (1992); *Ditloff v. Otto*, 239 Neb. 377, 476 N.W.2d 675 (1991); *Young v. Young*, 200 Neb. 787, 265 N.W.2d 666 (1978); *Marco v. Marco*, 196 Neb. 313, 242 N.W.2d 867 (1976). If, on a motion to dismiss, there is any evidence in favor of the nonmoving party, the case may not be decided as a matter of law. *Bloomfield v. Nebraska State Bank*, 237 Neb. 89, 465 N.W.2d 144 (1991); *Tiede v. Loup Power Dist.*, 226 Neb. 295, 411 N.W.2d 312 (1987). When a trial court sustains a motion to dismiss, it resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw only one conclusion. *Bloomfield, supra.*

The Court of Appeals correctly stated these standards at the outset of its opinion. The court, however, disregarded the standards and conducted a lengthy assessment of the credibility of respondent's evidence. The court then concluded that respondent's evidence was not credible and affirmed the dismissal.

We agree with the dissent to the decision of the Court of

Appeals. It is improper for an appellate court to conduct a credibility assessment of the evidence when it reviews a decision reached on a motion to dismiss at the close of the plaintiff's evidence. The court should have assumed that all of the evidence presented by respondent was true; this necessarily includes believing all of the testimony given by respondent and his father, even when that evidence has been contradicted.

Applying the appropriate method of review, we must take as proven that respondent no longer owns the assets he held when the original divorce decree became final. Additionally, we must assume that respondent's father will no longer provide respondent with the favorable financial arrangements which previously allowed respondent to produce income as a farmer. Finally, we must assume that respondent's only current income is from truck driving and that such employment yields approximately $1,000 a month. The lack of additional evidence to corroborate this evidence is irrelevant to whether the district court should have sustained the motion to dismiss at the close of respondent's evidence.

Taking all respondent's evidence as true and granting him all favorable and reasonable inferences that may be drawn from such evidence, we find that respondent has presented a prima facie case for a modification. The motion to dismiss, therefore, should have been denied.

We note that the Court of Appeals affirmed the dismissal on an additional ground—the equitable doctrine of unclean hands. Although the doctrine is applicable in equity cases, its application is restricted by the procedural posture of the particular case. Once both parties have submitted their evidence and rested, the district court may consider the credibility of the witnesses and may weigh the evidence. However, when a district court considers a motion to dismiss at the close of the plaintiff's evidence, the court must assume all relevant evidence presented by the nonmoving party is true and grant the nonmoving party all favorable and reasonable inferences that may be drawn from the evidence; assessing the credibility of the evidence on such a motion is inappropriate.

The doctrine of unclean hands will operate to bar an application for modification of an award of child support or

alimony when the party filing the application has not satisfied existing support obligations and that failure to pay is found to be willful. *Voichoskie v. Voichoskie*, 215 Neb. 775, 340 N.W.2d 442 (1983), *appeal after remand* 219 Neb. 670, 365 N.W.2d 467 (1985).

In the present case, there is no direct evidence of intentional impoverishment. Moreover, on petitioner's motion to dismiss, respondent is entitled to all reasonable and favorable inferences deducible from the evidence he presented. Respondent's explanation for his disposition of assets and his inability to finance a farming business without his father's support may be reasonably inferred from the evidence. The conclusion reached by the Court of Appeals that respondent has intentionally caused his substantial change in financial circumstances was based on the court's credibility assessment of the evidence, which is improper on a motion to dismiss.

In light of the proper standard of review on a motion to dismiss, respondent has presented a prima facie case for modification, and there is not sufficient evidence to support the application of the unclean hands doctrine at this stage of the proceeding. We therefore reverse the decision of the Court of Appeals and remand the cause with instructions to reverse the decision of the district court and remand the cause for further proceedings. Because of our holding regarding the motion to dismiss, we find it unnecessary to address the additional assignments of error raised by the parties.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.