Benjamin D. Johnson, appellant, v.
Vanessa R. Johnson, appellee.
___ N.W.2d ___

Filed June 25, 2013.    No. A-12-587.

1. **Modification of Decree: Child Support: Appeal and Error.** An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

3. **Motions to Dismiss: Directed Verdict: Appeal and Error.** For purposes of appellate review, a motion to dismiss and a motion for directed verdict are treated similarly.

4. **Motions to Dismiss: Proof.** In the context of a motion to dismiss made at the close of all of the evidence in a proceeding on an application to modify a dissolution decree, in a court's review of evidence on a motion to dismiss, the nonmoving party is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can be reasonably drawn therefrom, and where the plaintiff's evidence meets the burden of proof required and the plaintiff has made a prima facie case, the motion to dismiss should be overruled.

5. **Motions to Dismiss.** If, on a motion to dismiss, there is any evidence in favor of the nonmoving party, the case may not be decided as a matter of law.

6. **____.** When a trial court sustains a motion to dismiss, it resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw only one conclusion.

7. **Modification of Decree: Child Support: Proof.** A party is entitled to a modification of an award of child support if he proves a material change in circumstances which has occurred since the entry of the decree or a previous modification and if such change was not contemplated when the decree was entered.

8. **Child Support: Evidence.** Earning capacity should be used in determining a child support obligation only when there is evidence that the parent can realize that capacity through reasonable efforts.

9. **____: ____.** When the evidence demonstrates that a parent is unable to realize a particular earning capacity by reasonable efforts, it is clearly untenable for the trial court to attribute that earning capacity to the parent for purposes of determining child support.

10. **Modification of Decree: Child Support: Rules of the Supreme Court.** Changes in career or occupation which reduce the ability to provide child support are allowed, so long as they are made in good faith, and future support obligations should generally be based on present income and the Nebraska Child Support Guidelines.

11. **Modification of Decree: Child Support: Evidence.** The decision of whether to modify a child support obligation must be based upon the evidence presented by

the parties, and it would be improper for the court to focus on anything but the most recent circumstances ascertainable from the evidence.

12. **Modification of Decree: Child Support.** Among the relevant factors to be considered in determining whether a material change of circumstances has occurred is any change in the financial position of the parent obligated to pay child support.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Reversed and remanded for further proceedings.

Benjamin M. Belmont and Amanda M. Phillips, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellant.

Brent M. Kuhn, of Harris Kuhn Law Firm, L.L.P., for appellee.

Inbody, Chief Judge, and Irwin and Moore, Judges.

Irwin, Judge.

## I. INTRODUCTION

Benjamin D. Johnson appeals an order of the district court for Douglas County, Nebraska, granting a directed verdict at the close of Benjamin's evidence on his complaint for modification of a marital dissolution decree. On appeal, Benjamin asserts that the court erred in granting the directed verdict, in finding that he did not demonstrate a material change of circumstances, and in denying his proffer of evidence of his living expenses. We find that the court erred in denying relevant evidence, in finding that Benjamin had failed to demonstrate a material change of circumstances, and in granting a motion for directed verdict. As such, we reverse, and remand for further proceedings.

## II. BACKGROUND

This is the second appeal related to Benjamin's complaint for modification of the decree dissolving his marriage to Vanessa R. Johnson. See *Johnson v. Johnson*, No. A-10-849, 2011 WL 2427055 (Neb. App. June 14, 2011) (selected for posting to court Web site). We dismissed the prior appeal for lack of jurisdiction. Much of the relevant factual background

concerning this case is set forth in our memorandum opinion in the prior appeal and recounted as necessary here.

In October 2006, the district court entered an order dissolving the parties' marriage, providing the parties with joint legal custody of their two children and providing Vanessa with primary physical possession, and ordering Benjamin to pay child support and alimony. In June 2009, Benjamin filed a complaint to modify, seeking to reduce his child support and alimony obligations and to modify his responsibility for non-reimbursed medical expenses. Vanessa denied that there had been a material change of circumstances, but cross-petitioned for other modifications.

On May 14, 2010, the parties appeared before a district court referee. At the outset of the hearing, it was determined that the issues to be heard before the referee were limited to those raised by Benjamin and that the issues raised by Vanessa would be heard by the district court judge at a later time.

At the hearing before the referee, Benjamin was the only witness to testify. Benjamin testified that his complaint for modification was based upon a substantial decrease in his income compared to his earning capacity at the time of the dissolution decree. Benjamin testified that prior to the dissolution trial, he had been employed in a job where he was earning approximately $140,000 per year. He testified that he had left that employment prior to the dissolution trial because of a hostile workplace environment and had started his own business. He testified that at the time of the dissolution trial and decree, he had anticipated he would be able to continue earning income at the same rate as his prior employment and that the child support and alimony awards had been based on his earning capacity, because he had no monthly income at the time of the decree. According to Benjamin, he testified at the dissolution trial concerning the fact that he had left his employment prior to the dissolution trial.

Benjamin testified that between October 2006 and June 2009, his business actually resulted in no earned income. He testified that during that time, he exhausted his severance from his prior employment and liquidated his retirement account of more than $200,000 in order to satisfy his obligations

under the dissolution decree. He testified that because of the economic recession during that time, his business venture failed. He testified that he had sought comparable employment and had applied for jobs consistent with the earning capacity used in the dissolution decree, including applications for employment with "Kiewit," "Mutual of Omaha," and "Cox Communications." He eventually secured employment, but was earning only $75,000 per year.

During the hearing before the referee, Benjamin offered an exhibit detailing his monthly expenses. He testified that the failure of his business venture and his inability to secure employment commensurate with the earning capacity he had anticipated at the time of the dissolution decree had resulted in an accumulation of debt and related monthly expenses.

Benjamin also testified that Vanessa had been unemployed at the time of the dissolution decree, but had since succeeded in running a daycare business and earning income of approximately $60,000 per year. Benjamin offered tax returns to support his testimony.

After Benjamin's testimony, he rested and Vanessa moved for a directed verdict. Vanessa asserted to the referee that Benjamin had failed to establish a prima facie case demonstrating a material change of circumstances, because Benjamin's change of employment and decrease in income had occurred prior to the entry of the dissolution decree. Benjamin argued that the motion should be overruled because, at the time of the dissolution trial, he had expected to keep earning at the same rate as his prior employment, but had not actually been able to do so.

The referee recommended that the directed verdict be granted. The referee found that there had been no change of circumstances and that, if anything, Benjamin was actually earning more at the time of the hearing than at the dissolution trial, because he had no actual income at the time of the dissolution trial. The referee also found that Benjamin had voluntarily left his former employment, making it appropriate to base his support obligations on earning capacity instead of actual earnings.

On August 12, 2010, the district court adopted the referee's recommendation in all respects. Benjamin perfected an appeal to this court, which appeal we dismissed because we found that the district court's order adopting the referee's recommendation did not dispose of the issues that the parties had agreed would not be addressed by the referee. On remand, Vanessa withdrew her requests for relief and the district court specifically dismissed her cross-complaint for modification. The district court then, again, adopted and confirmed the report and recommendation of the referee. This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Benjamin has assigned that the district court erred in dismissing his complaint for modification of child support and alimony by finding that he had not proven a prima facie case demonstrating a material change of circumstances and erred in not admitting proffered evidence of his living expenses.

## IV. ANALYSIS

Benjamin challenges the findings that he failed to prove a prima facie case demonstrating a material change of circumstances and that proffered evidence of his living expenses was not relevant. Both of these were findings recommended by the referee and adopted by the district court. We find both to be erroneous.

[1,2] An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Collins v. Collins*, 19 Neb. App. 529, 808 N.W.2d 905 (2012). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

### 1. Granting of Directed Verdict

In the present case, it is first worth noting that the referee stopped the hearing at the conclusion of Benjamin's evidence, concluding that Vanessa's motion for directed verdict should

be sustained. As such, the referee never heard any evidence from Vanessa and the only evidence before the referee was that adduced by Benjamin. We conclude that the district court abused its discretion in adopting the referee's recommendation of a directed verdict at the close of Benjamin's evidence. Benjamin clearly adduced sufficient evidence to demonstrate a prima facie case of a material change of circumstances.

[3-6] For purposes of appellate review, a motion to dismiss and a motion for directed verdict are treated similarly. See *American Central City v. Joint Antelope Valley Auth.*, 281 Neb. 742, 807 N.W.2d 170 (2011) (motion to dismiss at close of evidence has same legal effect as motion for directed verdict). In the context of a motion to dismiss made at the close of all of the evidence in a proceeding on an application to modify a dissolution decree, the Nebraska Supreme Court has noted that in a court's review of evidence on a motion to dismiss, the nonmoving party is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can be reasonably drawn therefrom, and where the plaintiff's evidence meets the burden of proof required and the plaintiff has made a prima facie case, the motion to dismiss should be overruled. See *Knaub v. Knaub*, 245 Neb. 172, 512 N.W.2d 124 (1994). If, on a motion to dismiss, there is any evidence in favor of the nonmoving party, the case may not be decided as a matter of law. *Id*. When a trial court sustains a motion to dismiss, it resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw only one conclusion. *Id*.

[7] In the present case, the referee essentially concluded at the end of Benjamin's evidence that, as a matter of law, he had failed to present any evidence demonstrating that he was entitled to a modification of his child support award. A party is entitled to a modification of an award of child support if he proves a material change in circumstances which has occurred since the entry of the decree or a previous modification and if such change was not contemplated when the decree was entered. *Id*.

In finding that Benjamin had failed to adduce any evidence demonstrating a material change of circumstances,

the referee relied on two somewhat contradictory conclusions. First, the referee concluded that Benjamin had not demonstrated a change in his actual earnings and that, if anything, his actual earnings had increased because he had no earnings at the time of the dissolution trial and had now secured employment. Second, the referee concluded that it was appropriate to base Benjamin's support obligation on his earning capacity, because he had voluntarily chosen to leave his prior employment.

The record is clear, and the parties clearly agree, that Benjamin had left the employment he had throughout the marriage prior to the dissolution proceedings and entry of the dissolution decree. At the time of the dissolution proceedings and entry of the dissolution decree, he had no income. At that time, he agreed to base his support obligation on his prior earning capacity, because he anticipated and believed that he would be able to earn a comparable income through a business he was starting.

At the time of the dissolution proceeding and the dissolution decree, Benjamin's earning capacity was the basis for his support obligation. This was because Benjamin had no actual earnings but the parties contemplated that he would be able to continue earning income approximating the $140,000 per year that he had earned during the marriage. Unfortunately, that did not happen. Benjamin testified that his business failed and that he was not able to earn any income between October 2006 and June 2009. He also testified that he made efforts to secure employment that would have allowed him to realize that earning capacity, but was unsuccessful. He also took a variety of steps to continue meeting his support obligations despite a lack of income, including exhausting his retirement account. He eventually was able to secure employment earning approximately $75,000 per year.

Benjamin's unrefuted testimony, in light of the standards for granting a directed verdict, clearly constitutes evidence demonstrating a material change of circumstances. The material change of circumstances is that Benjamin has not been able to realize the earning capacity which the parties contemplated at the time of trial and which he had realized throughout the

marriage. There is nothing in the record to suggest that, since the time of the decree, he has voluntarily failed to realize that earning capacity or failed to make reasonable and good faith efforts to realize it.

[8,9] This court has noted that earning capacity should be used in determining a child support obligation only when there is evidence that the parent can realize that capacity through reasonable efforts. *Collins v. Collins*, 19 Neb. App. 529, 808 N.W.2d 905 (2012). When the evidence demonstrates that the parent is unable to realize a particular earning capacity by reasonable efforts, it is clearly untenable for the trial court to attribute that earning capacity to the parent for purposes of determining child support. See *id*.

In addition, while it is true that Benjamin voluntarily chose to leave the employment through which he had realized the $140,000-per-year earning capacity throughout the marriage, the record is clear that he did so prior to the dissolution proceedings and the dissolution decree. This is not a case where a parent has voluntarily left employment after a support order was entered and has sought to reduce his or her obligation as a result. Rather, Benjamin left that employment and then agreed to a support order based on the contemplation that he would continue to realize the same earning capacity. He also took steps to continue meeting his obligations for a period of years despite not realizing that earning capacity.

[10] Changes in career or occupation which reduce the ability to provide child support are allowed, so long as they are made in good faith, and future support obligations should generally be based on present income and the Nebraska Child Support Guidelines. See *Sabatka v. Sabatka*, 245 Neb. 109, 511 N.W.2d 107 (1994). Remembering that the referee chose to recommend granting a directed verdict and ended the hearing after Benjamin's evidence, there is no evidence in the record to demonstrate that Benjamin's voluntarily leaving his prior employment was not done in good faith, and his willingness to contemplate continuing the same earning capacity and exhaust his retirement account to keep his obligations current despite a lack of income for several years suggests that there was no bad faith.

In addition to the evidence Benjamin adduced to demonstrate that despite the parties' contemplation at the time of the dissolution decree he would be able to realize an earning capacity of $140,000 per year, his circumstances have changed and he has been unable to do so, he also adduced evidence suggesting that Vanessa's financial situation has changed substantially since the time of the dissolution decree. Benjamin testified that at the time of the dissolution proceeding, Vanessa was unemployed, but that since the entry of the dissolution decree, she has earned as much as $60,000 per year running a daycare operation. He introduced tax documents to further support his assertion. Because the referee recommended granting the motion for directed verdict at the conclusion of Benjamin's evidence, Benjamin's testimony and evidence on this matter were unrefuted.

In short, Benjamin adduced evidence indicating that at the time of the dissolution decree, both he and Vanessa were without income, he had already left the employment through which he had earned $140,000 per year during the marriage, he was in the process of starting his own business venture, and the parties contemplated he would be able to realize an earning capacity comparable to his prior employment. Those circumstances and the parties' contemplation about his earning capacity resulted in the support entered as part of the decree. After that time, his business failed, he was unable to earn income at all for several years, he sought employment that would allow him to realize an earning capacity consistent with the parties' contemplation, and he was unsuccessful. He eventually secured employment at a substantially lower income. At the same time, Vanessa's income went from nothing to as much as $60,000 per year.

Based on this evidence, it was clearly untenable for the referee to conclude that Benjamin had failed to adduce any evidence that would support a conclusion that there was a material change of circumstances. Giving Benjamin the benefit of all inferences based upon his evidence, he clearly adduced sufficient evidence to prevent a ruling that, as a matter of law, there was no material change of circumstances. The district

court clearly abused its discretion in adopting the referee's recommendation to grant Vanessa a directed verdict.

### 2. Denial of Proffered Evidence

Benjamin also asserts that it was error to deny his proffer of evidence concerning his living expenses. We agree.

[11,12] We have noted that the decision of whether to modify a child support obligation must be based upon the evidence presented by the parties and that it would be improper for the court to focus on anything but the most recent circumstances ascertainable from the evidence. *Collins v. Collins*, 19 Neb. App. 529, 808 N.W.2d 905 (2012). Among the relevant factors to be considered in determining whether a material change of circumstances has occurred is any change in the financial position of the parent obligated to pay child support. See *id*.

In the present case, as noted extensively above, Benjamin adduced evidence indicating that his income was not, and had not been at any time since entry of the decree, consistent with the earning capacity that was used for the initial determination. He also testified that in an attempt to remain current on his obligations, he had exhausted his retirement account and had accumulated debt, which had influenced his monthly expenses. He offered an exhibit to demonstrate his monthly living expenses so that the court could, when considering both his income level and expenses, determine whether his financial situation had materially changed since the entry of the decree. The referee, however, concluded that evidence of living expenses was not relevant and that the only relevant consideration was his earning capacity.

Even if Benjamin's earning capacity, as opposed to actual income, was the key factor when determining his income, his monthly expenses would clearly be relevant to determining his ability to pay a support award. Even if he had, in fact, been able to realize the earning capacity contemplated by the parties at the time of the dissolution decree, if his monthly living expenses had reasonably changed substantially, then he might have been able to demonstrate a material change of circumstances and evidence of his living expenses would clearly be

relevant evidence. The referee erred in excluding evidence of expenses, and the district court abused its discretion to the extent it adopted the referee's findings.

## V. CONCLUSION

We conclude that the referee who conducted the hearing in this case erred in granting Vanessa's motion for directed verdict, because there was clearly sufficient evidence adduced to prevent judgment as a matter of law. We also conclude that the referee erred in excluding clearly relevant evidence. As such, the district court abused its discretion in adopting the referee's recommendations and dismissing Benjamin's application for modification on the basis of a motion for directed verdict. We reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

STATE OF NEBRASKA, APPELLEE, V.
ROGER L. DALLAND, APPELLANT.
___ N.W.2d ___

Filed June 25, 2013.    No. A-12-615.

1.  **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings of fact for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that it reviews independently of the trial court's determination.
2.  **Constitutional Law: Search and Seizure.** The Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution protect individuals against unreasonable searches and seizures.
3.  **Motor Vehicles: Warrantless Searches: Probable Cause.** A warrantless search of a vehicle is permissible upon probable cause that the automobile contains contraband.
4.  **Police Officers and Sheriffs: Probable Cause.** A law enforcement officer has probable cause to search when it is objectively reasonable.
5.  **Search and Seizure.** A search is objectively reasonable when known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that he will find contraband or evidence of a crime.