IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE ON BEHALF OF GAVIN N. V. WHITNEY R.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF GAVIN N.,
A CHILD UNDER 18 YEARS OF AGE, APPELLEE,

V.

WHITNEY R., DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT,
AND ALICIA N., THIRD-PARTY DEFENDANT, APPELLEE.

Filed June 2, 2015.    No. A-14-714.

Appeal from the District Court for Butler County: JEFFRE CHEUVRONT, Judge, Retired. Affirmed in part, and in part reversed and remanded with directions.

Charles M. Bressman, Jr., of Anderson, Bressman & Hoffman, P.C., L.L.O., for appellant.

No appearances for appellees.

IRWIN, INBODY, and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Whitney R., the biological father of Gavin N., appeals an order of the district court for Butler County, Nebraska, modifying Whitney's child support obligation. On appeal, Whitney challenges the district court's use of his past income, rather than present earnings, to establish the support amount; challenges the court's failure to use an interdependent calculation; and challenges the court's failure to grant certain deviations from the guidelines. We find merit to Whitney's assertions regarding his earnings, but find no merit to the remaining assertions on appeal. Accordingly, we affirm in part, and in part reverse and remand with directions.

- 1 -

## II. BACKGROUND

In May 2012, the district court, based upon a stipulation of the parties, entered a paternity decree, in which the court found that Whitney is the biological father and Alicia N. is the biological mother of Gavin N. The court awarded custody of Gavin to Alicia, subject to Whitney's visitation rights set forth in a separate parenting plan. The court also ordered Whitney to pay child support in the amount of $462 per month. The decree included in the record to us does not include any child support worksheet, but the $462 per month amount was also reflected in the parties' stipulation.

In January 2013, Alicia filed an application for modification. Alicia alleged that Whitney had experienced "a substantial increase in his income" and sought a modification of Whitney's child support obligation.

In May 2014, the district court conducted a hearing on the application. At the hearing, both parties adduced evidence by way of an affidavit; no in-court testimony was adduced. In her affidavit, Alicia set forth a proposed child support calculation, in which she asserted that Whitney's monthly income should be based upon earning $18 per hour for a 40 hour work week. She indicated that she was, at that time, unemployed and that her proposed calculation based her monthly income on the earnings she had been receiving at the time of the original calculation, slightly more than $706 per month. Under Alicia's proposed child support calculation, Whitney's monthly child support obligation would have been $599.61 per month.

Whitney's affidavit included assertions about his earnings and expenses and included a number of alternative child support calculations. Whitney acknowledged that between May 2012 and May 2013 he had earned $18 per hour, but he asserted that he had left that employment after his employer had lied to him about employment matters and because the employment had involved working overnights, resulting in sleep deprivation and a lack of enjoyment of life. He asserted that he had looked for employment in several states and had applied for several positions, but that job prospects in his field, aviation, had "been flat." At the time of the hearing, he was employed at Jetsun Aviation in Sioux City, Iowa, and was earning $17 per hour. Whitney also made assertions about student loans, travel expenses for exercising parenting time, and medical expenses. Under Whitney's various proposed child support calculations, his monthly support obligation would have varied between $355 per month and $526 per month.

In July 2014, the district court entered an order modifying Whitney's child support obligation. In the order, the court did not make any specific findings about credibility or earnings, but the court did attach a child support worksheet to its order. The worksheet attached to the court's order demonstrates that the court used Alicia's proposed total monthly income amount for Whitney, reflecting his earning $18 per hour. It is not apparent to this court the source of the district court's determination concerning Alicia's total monthly income, as the amount used does not appear in Alicia's proposed worksheet or any of Whitney's proposed worksheets; the amount used by the district court is approximately, although not exactly, halfway between the amount indicated in Alicia's proposal and the amount indicated in Whitney's proposals. The court ordered Whitney to pay $581 per month in support.

This appeal followed. Alicia did not file any responsive brief on appeal.

### III. ASSIGNMENTS OF ERROR

On appeal, Whitney has assigned four errors, which we consolidate for discussion to three. First, Whitney asserts that the district court erred in using evidence of his past earnings, rather than his present earnings, in establishing his child support obligation. Second, Whitney asserts that the court erred in failing to use an interdependent calculation. Third, Whitney asserts that the court erred in failing to grant him certain deviations from the guidelines.

### IV. ANALYSIS

### 1. WHITNEY'S EARNINGS

Whitney first asserts that the district court erred in refusing to use Whitney's "historic, present, and consistent with industry income" in calculating his child support obligation. He argues that he only earned the amount used by the court for 1 year and that there was no evidence adduced to indicate that he is capable of earning that amount or that using his earnings at the time of the hearing would seriously impair the needs of Gavin. We agree.

In general, child support payments should be set according to the Nebraska Child Support Guidelines. *Freeman v. Groskopf*, 286 Neb. 713, 838 N.W.2d 300 (2013). The guidelines provide that if applicable, earning capacity may be considered in lieu of a parent's actual, present income and may include factors such as work history, education, occupational skills, and job opportunities. *Id.* Use of earning capacity to calculate child support is useful when it appears that the parent is capable of earning more income than is presently being earned. *Id.*

This court has noted that earning capacity should be used in determining a child support obligation only when there is evidence that the parent can realize that capacity through reasonable efforts. *Johnson v. Johnson*, 20 Neb. App. 895, 834 N.W.2d 812 (2013). When the evidence demonstrates that the parent is unable to realize a particular earning capacity by reasonable efforts, it is clearly untenable for the trial court to attribute that earning capacity to the parent for purposes of determining child support. *Id.*

In the present case, the only evidence adduced by Alicia in support of her application to modify was an affidavit. In that affidavit, Alicia indicated that the child support calculation she was proposing included income for Whitney "based upon his earning $18.00 per hour for a 40 hour work week." Alicia did not present any further indication of Whitney's ability to realize that earning capacity through reasonable efforts.

Whitney, on the other hand, acknowledged in his affidavit that he had earned $18 per hour for a 1 year period of time while employed in Lincoln. Whitney asserted that the pay was his highest paying job, but that he had left that employment because it required working "full-time nights" and resulted in sleep deprivation and decreased enjoyment of life, as well as because his employer had misled him about potential fringe benefits that would be available if he completed 1 year of working nights. Whitney asserted in his affidavit that he sought employment with comparable pay "both in and outside the United States," had applied for several positions in Nebraska and other states, and that the employment he was in at the time of the hearing, at Jetsun Aviation in Sioux City, Iowa, at a pay rate of $17 per hour was the best prospect he had been able to find and was the closest to his pay at Ameriflight. He also attached salary surveys regarding his field and employment prospects.

Changes in career or occupation which reduce the ability to provide child support are allowed, so long as they are made in good faith, and future support obligations should generally be based on present income and the Nebraska Child Support Guidelines. *Johnson v. Johnson, supra*.

In this case, Whitney did not seek to reduce his child support obligation after the initial decree, even during times when he was unemployed. Instead, he sought to have the present modification reflect his present earnings, which were apparently higher than at the time of the initial decree, rather than his earnings from a prior 1 year period which he asserted could not presently be realized through reasonable efforts. Our de novo review of the record indicates that Alicia did not adduce evidence to demonstrate that Whitney could realize earnings of $18 per hour through reasonable efforts, Whitney adduced evidence that he could not, and the court abused its discretion in setting the child support obligation based on an earning capacity of $18 per hour. Accordingly, we reverse and remand to the district court to recalculate Whitney's child support obligation based on earnings that are supported by the evidence adduced at the hearing.

## 2. INTERDEPENDENT CALCULATION

Whitney next asserts that the district court erred in failing to use an interdependent calculation in calculating his child support to take into account that he was expecting the birth of another child soon after the hearing in the present case. We find no merit to this assertion.

We recognize that in some circumstances the Nebraska Child Support Guidelines permit a court to deduct a parent's obligation to support subsequent children from his or her monthly income. See *Schwarz v. Schwarz*, 289 Neb. 960, 857 N.W.2d 802 (2015). See, also Neb. Ct. R. sec. 4-205(E). Where it is appropriate for the trial court to consider such a request, the trial court has discretion to choose whether and how to calculate a deduction for subsequent children. *Schwarz v. Schwarz, supra*. When the court decides to allow a deduction, the calculation is left to its discretion and no precise mathematical formula exists. *Id.* The party requesting such a deduction bears the burden of providing evidence of the obligation, including the income of the other parent of the child. *Id.*

Neb. S. Ct. R. § 4-220 provides that an obligor shall not be allowed a reduction in an existing support order solely because of the birth, adoption, or acknowledgement of subsequent children of the obligor. In the present case, Whitney sought a reduction in his existing support order and requested that an interdependent calculation be conducted because he was expecting the birth of a subsequent child. Section 4-220 would suggest that such is not an appropriate basis for a downward modification.

In this case, even if it was appropriate for the court to entertain a request for an interdependent calculation and a deduction for any obligation that Whitney might have for a subsequent child, we could not find an abuse of discretion in the court's failure to grant the request. The child had not yet been born, and Whitney could not provide evidence of any obligation to support the child or the income of the other parent of the child. Moreover, inasmuch as the subsequent child had not yet been born, it would not have been appropriate for the court to entertain an interdependent calculation.

In *Perkins v. Perkins*, 198 Neb. 401, 253 N.W.2d 42 (1977), the Nebraska Supreme Court addressed how a court should properly consider a party's pregnancy at the time of a decree. In that

case, the wife was pregnant at the time of the court's entry of a dissolution decree. After the child was born, she filed a motion to modify, seeking a finding of paternity and fixing of child support. On appeal, the Supreme Court held that in such a situation "the proper procedure . . . is to call the court's attention to the future birth of a child, but to reserve the question of support for the child until after his birth." *Id.* At 403, 253 N.W.2d at 44.

While Neb. S. Ct. R. § 4-220 does not allow the filing of a motion to decrease an existing child support award due solely to the birth of a subsequent child, it does allow the obligation to support a subsequent child to serve as a defense to a motion for an increase in child support. Here, where Alicia sought to increase Whitney's child support obligation, it was appropriate for him to raise the issue in defense to her motion. We conclude that the procedure set forth in *Perkins* allowing the court to reserve ruling until after the birth of the child would be similarly appropriate in this circumstance. As such, while it was appropriate for Whitney to make known the impending birth of his child, it was also appropriate for the court not to conduct an interdependency calculation and to reserve determination of whether such a calculation is appropriate under the guidelines until after the child's birth. We find no merit to Whitney's assertion to the contrary.

### 3. DEVIATIONS

Finally, Whitney asserts that the district court erred in failing to grant him deviations from the child support guidelines for transportation costs associated with exercising his visitation and for medical expenses he incurs. We find no merit to these assertions.

Neb. Ct. R. § 4-210 provides that the court may deviate from the Nebraska Child Support Guidelines when a parent must pay substantial and reasonable long-distance transportation costs directly associated with visitation or parenting time. Neb. Ct. R. § 4-2013 provides that the court may deviate from the guidelines when there are extraordinary medical costs of either the parent or child.

Modification of child support is entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed in the absence of an abuse of discretion by the trial court. See *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014). Deviation from the guidelines is also discretionary. *Id.*

In this case, Whitney sought a deviation from the district court's child support calculation to account for his transportation costs associated with exercising visitation with Gavin. He asserted in his affidavit that he resides in Sioux City, Iowa, and that Alicia and Gavin reside in Lincoln, Nebraska. He also sought a deviation to account for having to see a doctor every 2 months to have blood work done and monthly prescriptions of $20 per month.

We do not find an abuse of discretion by the district court in not granting Whitney a deviation for the transportation costs or for his medical expenses. We find no merit to Whitney's assertion that denial of a deviation was an abuse of discretion.

### V. CONCLUSION

We find an abuse of discretion by the district court regarding its use of an earning capacity for Whitney that was not supported by the record. We reverse and remand for a recalculation of

Whitney's child support based on earnings supported by the record. We find no merit to Whitney's other assertions on appeal and otherwise affirm.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.