IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

THOMPSON V. THOMPSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NICOLE K. THOMPSON, NOW KNOWN AS NICOLE K. AUSTIN, APPELLEE,

V.

JUSTIN D. THOMPSON, APPELLANT.

Filed June 12, 2018.    No. A-17-855.

Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS, Judge. Affirmed in part, and in part reversed and remanded with direction.

Jeffrey S. Armour, of Armour Law, P.C., L.L.O., for appellant.

No appearance for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Justin D. Thompson appeals from two separate orders of the district court for Lincoln County. First, he appeals for the second time from the decree and parenting plan that dissolved his marriage to Nicole K. Thompson, now known as Nicole K. Austin. Justin assigns multiple errors to the district court's implementation of our mandate set forth in *Thompson v. Thompson*, 24 Neb. App. 349, 887 N.W.2d 52 (2016). Second, Justin argues the district court erred in refusing to issue a contempt citation based on a verified motion for contempt he filed against Nicole. We find that the district court did not err in its implementation of the original mandate. However, we find that the district court abused its discretion in failing to issue a citation for contempt and failing to hold a hearing on Justin's verified motion for contempt.

- 1 -

## BACKGROUND

The factual background for the issues raised in Justin's previous appeal is found in *Thompson, supra*. The errors assigned in that case related to the amount of parenting time that was awarded to Justin in the parenting plan. The original parenting plan provided Justin with parenting time every other weekend from Friday until Sunday. We reversed the district court's order on parenting time, noting that the 4 days granted to Justin per month would often include days that he worked. The evidence established that Justin was employed as a firefighter who generally worked 24 hours on, 24 hours off until he has worked 5 days, after which he gets 6 consecutive days off of work. We also noted the district court's acknowledgement that Justin was an "excellent father" who desires to spend as much time as possible with his child.

In *Thompson*, we stated that "under the parenting plan the district court created, Justin received parenting time with the minor child only 4 days per month. We find that arrangement constitutes an abuse of discretion when considering the evidence presented at trial." 24 Neb. App. at 357, 887 N.W.2d at 59. Based on the facts of the case, we found that "allowing Justin parenting time only every other weekend constitutes an abuse of the trial court's discretion. We therefore reverse the parenting plan and remand the cause for creation of a new parenting plan that is tailored for the best interests of this child." *Id.* at 358, 887 N.W.2d at 59. We went on to conclude that "awarding Justin only two weekends of parenting time per month under the parenting plan was an abuse of discretion. We therefore reverse that portion of the decree and remand the cause for formulation of a new parenting plan taking into consideration Justin's available parenting days." *Id.*

Upon remand, a trial was held on July 27, 2017. The evidence received at that trial was substantially similar to the original trial, including that Justin's work hours as a firefighter were unchanged. Justin adduced evidence and argued that the court should grant the parties joint custody, that his parenting time should be greatly increased, that he should be granted a right of first refusal for childcare, and that child support be calculated pursuant to a joint custody calculation. Nicole offered evidence, including testimony and exhibits. She proposed expanded visitation for Justin pursuant to our mandate but opposed joint custody and a right of first refusal, arguing that these items were beyond the scope of our mandate. She offered exhibit 46, which was received by the court over objection. Exhibit 46 was an unpublished opinion issued by this court involving Justin's brother, who also was a firefighter with a schedule identical to Justin's schedule. Nicole believed the parenting plan utilized by the district court in Justin's brother's case was appropriate to utilize in the current matter.

The district court entered its order with a modified parenting plan on August 1, 2017. The court awarded Justin two 4-day blocks of parenting time per month during the school year. These blocks of parenting time were to be 7 days apart. Justin was granted the power to designate when the 4-day blocks would occur, with dates set for when notice must be given. During the summer, Justin was awarded 6 weeks of parenting time on an alternating-week schedule. Holiday parenting time remained unchanged. The district court denied Justin's request for joint custody, reasoning that the issue of custody was beyond the scope of our mandate. The district court also denied Justin's request for a right of first refusal for childcare. The court supported its decision by stating that (1) the parties were unable to communicate verbally or compromise, (2) each party had

remarried and had adequate provision for childcare during their parenting time, and (3) the court believed that the custodial parent should have the right to manage the child's day-to-day activities while the child is in that parent's possession. Finally, since Justin was not granted joint custody, the district court refused to recalculate its previous child support award.

Justin filed a verified motion for contempt on July 18, 2017. Justin alleged that Nicole failed to pay court costs from the first appeal, that she interfered with his telephonic parenting time in violation of the initial decree, that she failed to provide him with daycare provider information in violation of the original parenting plan, and that she failed to provide him with her current residential address in violation of the initial decree. The district court denied Justin's verified motion for contempt on July 19, without a hearing.

Justin appeals here. It is of note that Nicole filed no brief in this appeal.

## ASSIGNMENTS OF ERROR

Justin argues, consolidated and restated, that the district court erred in failing to formulate an equitable parenting plan, receiving exhibit 46 into evidence, and overruling his verified motion for contempt without a hearing.

## STANDARD OF REVIEW

The construction of a mandate issued by an appellate court presents a question of law. *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008). On questions of law, we are obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *Richards v. McClure*, 290 Neb. 124, 858 N.W.2d 841 (2015). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

## ANALYSIS

### PARENTING PLAN

Justin argues the district court erred in failing to award him joint custody of the parties' minor child. He argues in the alternative that he should receive more parenting time than he is currently allotted. Additionally, Justin argues the district court erred in failing to award him the right of first refusal for childcare during Nicole's parenting time.

In appellate procedure, a "remand" is an appellate court's order returning a proceeding to the court from which the appeal originated for further action in accordance with the remanding

order. *Molina v. Salgado-Bustamante*, 21 Neb. App. 75, 837 N.W.2d 553 (2013). After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court. *State ex rel. Wagner v. Gilbane Bldg. Co.*, 280 Neb. 223, 786 N.W.2d 330 (2010). In other words, when a cause is remanded with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. *Mace v. Mace*, 13 Neb. App. 896, 703 N.W.2d 624 (2005).

Our mandate in *Thompson v. Thompson*, 24 Neb. App. 349, 358, 887 N.W.2d 52, 59 (2016), stated that "awarding Justin only two weekends of parenting time per month under the parenting plan was an abuse of discretion. We therefore reverse that portion of the decree and remand the cause for formulation of a new parenting plan taking into consideration Justin's available parenting days." The district court, in its order, stated:

> [Justin] presented to this Court a proposed parenting plan which would essentially award him joint custody in this case. That request is obviously not permitted in this matter. The Court of Appeals expressly affirmed the decision of this Court awarding [Nicole] the permanent care, custody and control of the minor child . . . . This decision is limited to formulating a new parenting plan taking into consideration [Justin's] available parenting days.

Upon our de novo review, we find that our mandate expressly required reconsideration of the amount of parenting time Justin received in the parenting plan. Nowhere in our mandate did we instruct the court to reconsider its original custody order found in the decree of dissolution. Therefore, our review is limited solely to the parenting time awarded to Justin by the district court in the parenting plan following remand. Thus, our only inquiry here is to determine whether the district court's award of parenting time on remand constituted an abuse of discretion.

Parenting time determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Aguilar v. Schulte*, 22 Neb. App. 80, 848 N.W.2d 644 (2014). The district court awarded Justin 4 days of continuous parenting time two times per month during the school year. In addition, the decree allowed Justin to pick the dates of his 4-day blocks so as to fall during his days off, if he so chooses. During the summer, Justin was awarded 6 weeks of parenting time, alternating every other week. As with the school year, the parenting plan on remand allowed Justin the ability to set the dates for summer visitation which presumably would allow him to exercise his weeks of parenting time in a fashion that would coincide with his days off to a large extent. Overall, the new parenting plan would double the parenting time during the school year and more than double Justin's summer parenting time. This constitutes a substantial increase over the parenting time awarded by the district court in *Thompson, supra.* Based on the record and our review, we find that the district court did not abuse its discretion in its award of parenting time.

Justin further asserts that the denial of a right of first refusal for childcare while Nicole is working should be considered within the scope of our mandate in *Thompson, supra.* Assuming, without deciding, that this issue is within the scope of our mandate leads us to conclude that the district court did not abuse its discretion in refusing to grant a right of first refusal. The district court cited to the history of discord in the parties' relationship and their inability to communicate

verbally. The evidence presented in the original trial detailed issues including domestic violence, excessive alcohol use, and a suicide threat. While the evidence in the trial on remand did not include any new events that would be of such a disturbing nature, it is clear that the parties continue to experience significant discord and do not communicate productively. Therefore, ample evidence exists to support the district court's decision. Justin's irregular work schedule would require communication and contact between Justin and Nicole, something the district court determined was not feasible between the two parties. Therefore, we find that the district court did not abuse its discretion in refusing to award Justin the right of first refusal for childcare.

EXHIBIT 46

Justin next argues the district court erred in overruling his objection to exhibit 46, an unpublished opinion by this court, involving Justin's brother's modification action. He objected on the bases of relevance, authentication, and that it was an unpublished opinion. Justin argues the receipt of this opinion was unfair because it confused the issues as to the minor child's best interests.

As stated above, in proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *Richards v. McClure*, 290 Neb. 124, 858 N.W.2d 841 (2015). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Exhibit 46 should be considered at most an aid to argument by Nicole as to how the court should have formulated a parenting plan. While it is certainly arguable that receipt of this exhibit was error, the erroneous admission of evidence is harmless error and does not require reversal if such evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. *Eisenhart v. Lobb*, 11 Neb. App. 124, 647 N.W.2d 96 (2002). Reversal is warranted only if the record shows that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence. *Id.* The record demonstrates that the district court had ample evidence regarding the best interests of the child before it. The district court increased the amount of parenting time awarded to Justin, per our mandate, and fashioned it in a way that allows Justin to utilize his parenting time on his days off. Even if not received as evidence, Nicole could have argued that the trial court should consider what other courts have done in similar situations. Given that the case was not designated for permanent publication, it could not be cited as precedent. However, that would not prevent the court from considering how the trial court and the appellate court each addressed a similar scenario in reaching its own decision. Therefore, we find that even if the district court erred by receiving the case as an exhibit, any error would be harmless.

VERIFIED MOTION FOR CONTEMPT

Justin argues the district court erred in overruling his verified motion for contempt without an evidentiary hearing. Justin argues that his motion demonstrated an adequate showing of proof of Nicole's failure to obey a court order.

Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016). Willful disobedience is an essential element of contempt; "willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id.* Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence. *Id.*

In this case, there was no evidentiary hearing on Justin's verified motion in that the district court refused to issue a citation for Nicole to appear and show cause why she should not be held in contempt. Because no rationale was provided by the district court for denying Justin's motion for contempt citation, we assume that the district court found that the allegations were factually insufficient to justify the entry of a citation. We find that the district court abused its discretion by failing to issue the citation as to the first two allegations in the verified motion only.

Justin alleges in his verified motion that Nicole had (1) failed to pay court-ordered court costs, (2) interfered with his telephonic visitation, (3) failed to provide him with identifying information regarding the minor child's daycare, and (4) failed to provide him with her current address, all in violation of prior orders of the district court or this court. Our reading of the allegations and pertinent orders upon which they are based reveals that if true, Nicole could be found in contempt of court as to allegations 1 and 2. However, as to allegations 3 and 4, the cited portions of the decree and parenting plan do not provide a basis for contempt based on the facts alleged. While generally a trial court should liberally construe a pleading or motion before the court so as not to deny it summarily, the trial court is not required to simply rubber stamp a contempt citation when the order of the court which is alleged to have been violated does not stand for the proposition of the alleged violation. Here, Justin alleges that the identifying information as to daycare facilities is required by paragraph 1 of the parenting plan. We can find no reference to childcare facilities in that provision. He further alleges that section 5, page 3, of the dissolution decree requires Nicole to provide him with her current address. That section not only does not require disclosure of the address, but talks of Justin committing a past incident of domestic violence at Nicole's home and the utility of Justin's parents picking up the child. Therefore, the district court did not abuse its discretion in failing to issue a contempt citation based on allegations 3 and 4. That part of the district court's order denying the issuance of a citation for contempt as to allegations 1 and 2 of Justin's verified motion is reversed and remanded for further proceedings. A citation for contempt shall issue as to allegations 1 and 2, and an evidentiary hearing on those allegations shall be scheduled.

CONCLUSION

We conclude the district court did not abuse its discretion in determining the parenting time to be afforded to Justin in its amended parenting plan prepared pursuant to our previous mandate. We further conclude that even if the receipt of exhibit 46 into evidence was error, such error was harmless. Finally, the district court did err in overruling Justin's verified motion for contempt as to allegations 1 and 2 only. We reverse that part of the district court's order and remand with

direction to the district court to hold an evidentiary hearing on allegations 1 and 2 of Justin's motion for contempt.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.